# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

SAMANTHA ROBINSON,          )
parent and next friend of A.B., a minor  )
4685 Benning Road, SE, #A        )
Washington, D.C. 20019          )
        )
and        )
        )      Civil Action No.
PATRICE BORUM,        )
parent and next friend of J.B., a minor  )
1507 19th Street, SE, #304       )
Washington, D.C. 20020         )
        )
and        )
        )
MARVINA BYRDSONG,      )
parent and next friend of M.B., a minor  )
1105 Holbrook Terrace, NE, #2    )
Washington, D.C. 20002         )
and        )
        )
TRANENE CAMERON,       )
parent and next friend of N.C., a minor  )
534 Nicholson Street, NE        )
Washington, D.C. 20011         )
        )
and        )
        )
ANTOINETTE CLAY,        )
parent and next friend of L.C., a minor  )
5314 Clay Terrace, NE         )
Washington, D.C. 20019         )
        )
and        )
        )
D'ANDRE CONDREY,        )
parent and next friend of C.C., a minor  )
521 50th Place, NE          )
Washington, D.C. 20020         )
        )
and        )

1

PRINCESS WATSON,                                    )
parent and next friend of C.C., a minor            )
424 55th Street, SE, #1D                            )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )
LAVERN EASTON,                                      )
parent and next friend of T.E., a minor            )
5355 Call Place, SE                                 )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )
DINA FENNELL,                                        )
parent and next friend of J.F., a minor            )
3812 V Street, SE, #301                             )
Washington, D.C.  20020                             )
                                                    )
and                                                 )
                                                    )
MARIA FLORES,                                        )
parent and next friend of S.F., a minor            )
3611 10th Street, NW                                )
Washington, D.C.  20010                             )
                                                    )
and                                                 )
                                                    )
ZOLA GARRIS,                                         )
parent and next friend of K.G., a minor            )
3727 Cassell Place, NE                              )
Washington, D.C.  20019                             )
                                                    )
and                                                 )
                                                    )
NINAH GILBERT,                                       )
parent and next friend of N.G., a minor            )
3790 Martin Luther King Avenue, SE                 )
Washington, D.C.  20032                             )
                                                    )
and                                                 )
                                                    )
VALERIE JORDAN,                                      )

2

parent and next friend of J.G., a minor          )
2333 24th Street, SE, #1907                       )
Washington, D.C.  20020                           )
                                                  )
and                                               )
                                                  )
APRIL WASHINGTON,                                 )
parent and next friend of S.G., a minor          )
121 Yuma Street, SE, #107                         )
Washington, D.C.  20032                           )
                                                  )
and                                               )
                                                  )
PRISCILLA HAILSTORKS-SMITH,                       )
parent and next friend of D.H., a minor          )
907 Buchanan Street, NW                           )
Washington, D.C.  20011                           )
                                                  )
and                                               )
                                                  )
TYENA HASKELL,                                    )
parent and next friend of R.H., a minor          )
2000 Maryland Avenue, NE, #107                    )
Washington, D.C.  20002                           )
                                                  )
and                                               )
                                                  )
KORTNI HAYES,                                     )
parent and next friend of L.H., a minor          )
2722 Stanton Road, SE                             )
Washington, D.C.  20020                           )
                                                  )
and                                               )
                                                  )
LAVERN HEDRICK,                                   )
parent and next friend of V.H., a minor          )
1535 Anacostia Avenue, NE                         )
Washington, D.C.  20020                           )
                                                  )
and                                               )
                                                  )
JERALDINE HERBIN,                                 )
parent and next friend of J.H., a minor          )

3

1022 4th Street, NE                      )
Washington, D.C.  20002                     )
                                            )
and                                         )
                                            )
C.F.S.A.,                                   )
parent and next friend of J.H., a minor     )
400 6th Street, SW                       )
Washington, D.C.  20024                     )
                                            )
and                                         )
                                            )
MARGARET MORGAN,                            )
parent and next friend of J.H., a minor     )
2308 Good Hope Road, SE, #102               )
Washington, D.C.  20020                     )
                                            )
and                                         )
                                            )
JULIA HUNTER,                               )
parent and next friend of J.H., a minor     )
64 Galveston Street, SW, #101               )
Washington, D.C.  20032                     )
                                            )
and                                         )
                                            )
WANDA KEARNEY,                              )
parent and next friend of K.K., a minor     )
1212 Oates Street, NE                       )
Washington, D.C.  20002                     )
                                            )
and                                         )
                                            )

MARQUES LABBE,                              )
parent and next friend of C.L., a minor     )
318 34th Place, NE                       )
Washington, D.C.  20019                     )
                                            )
and                                         )
                                            )
MICHAEL and VERYLIN LEE,                    )
parents and next friends of D.L., a minor   )
4569 Benning Road, SE, #303                 )

4

Washington, D.C.  20019                    )
                                           )
and                                        )
                                           )
MARIA POLIO,                               )
parent and next friend of E.L., a minor    )
1335 Fort Stevens Drive, #313              )
Washington, D.C.  20011                    )
                                           )
and                                        )
                                           )
PATRICIA LOWRY,                                    )
parent and next friend of A.L., a minor    )
7714 Fairmont Street, NW                   )
Washington, D.C.  20001                    )
                                           )
and                                        )
                                           )
MICHAEL and BONNIE MATHIS,                 )
parents and next friends of D.M., a minor  )
1272 Holbrook Terrace, NE                  )
Washington, D.C.  20002                    )
                                           )
and                                        )
                                           )
COURTNEY MITCHELL,                         )
parent and next friend of C.M., a minor    )
5323 E Street, SE, #375                    )
Washington, D.C.  20019                    )
                                           )
and                                        )
                                           )
JULIA MOORE,                               )
parent and next friend of D.M., a minor    )
1920 Bennett Place, NE                     )
Washington, D.C.  20002                    )
                                           )
and                                        )
                                           )
BETTIE PITTMAN,                            )
parent and next friend of C.P., a minor    )
2633 Jasper Street, SE, #6                 )
Washington, D.C.  20020                    )

and                                                        )
                                                           )
                                                           )
ERICKA POWELL,                                             )
parent and next friend of C.P., a minor                    )
1433 Cedar Street, SE, #101                                )
Washington, D.C.  20020                                    )
                                                           )
and                                                        )
                                                           )
JEANETTE ROBINSON,                                         )
parent and next friend of A.R., a minor                    )
4129 Anacostia Avenue, NE                                  )
Washington, D.C.  20019                                    )
                                                           )
and                                                        )
                                                           )
WALLETTA SANDS,                                            )
parent and next friend of J.S., a minor                    )
1222 Stevens Road, SE                                      )
Washington, D.C.  20020                                    )
                                                           )
and                                                        )
                                                           )
LAWANDA REED,                                              )
parent and next friend of E.W., a minor                    )
800 Southern Avenue, SE, #308                              )
Washington, D.C.  20032                                    )
                                                           )
and                                                        )
                                                           )
ANGELA WILBURN,                                            )
parent and next friend of E.W., a minor                    )
5123 3rd Street, NW                                        )
Washington, D.C.  20011                                    )
                                                           )
and                                                        )
                                                           )
                                                           )
RANDOLPH NARCISCO,                                         )
parent and next friend of A.W., a minor                    )
54 V Street, NW                                            )
Washington, D.C.  20001                                    )
                                                           )

and                                 )
                                       )

RANDOLPH NARCISCO,         )
parent and next friends of J.W., a minor   )
54 V Street, NW                   )
Washington, D.C.  20001         )
                                       )

and                                 )
                                     )

TORENO WORTHAM,           )
parent and next friend of R.W., a minor   )
2454 Elvans Road, SE           )
Washington, D.C.  20020         )
                                       )

and                                 )
                                     )

BARBARA YOUNG,             )
parent and next friend of S.Y., a minor    )
2000 Savannah Terrace, SE, #J     )
Washington, D.C.  20020         )
                                       )

                    Plaintiffs,    )
                                       )

       v.                           )
                                       )

THE DISTRICT OF COLUMBIA   )
A Municipal Corporation         )
One Judiciary Square           )
441 Fourth Street, NW         )
Washington, D.C.  20001         )
                                       )

serve:                                )
                                       )

ANTHONY L. WILLIAMS, Mayor   )
District of Columbia            )
1350 Pennsylvania Avenue, NW, 5th Floor )
Washington, D.C.  20004         )
                                       )

serve:                                )
                                       )

ROBERT SPAGNOLETTI       )
Attorney General              )
District of Columbia            )
1350 Pennsylvania Avenue, NW, Suite 409 )

Washington, D.C.  20004                      )
                                             )
serve:                                       )
                                             )
CLIFFORD JANEY (officially)                  )
Superintendent, D.C. Public Schools          )
825 North Capitol Street, NE                 )
Suite # 9026                                 )
Washington, D.C.  20002                      )
                                             )
                        Defendants.          )
_____)


## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.    This action is brought to prevent the Defendant from depriving the

aforementioned Plaintiffs from enforcing their statutory rights to reasonable attorneys' fees

under the Individuals with Disabilities Education Act (IDEIA), 20 U.S.C. §1400 *et*

*seq*.(2004), Title V of the District of Columbia Municipal Regulations (DCMR), and 42

U.S.C. §§ 1983 and 1988.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988, 20

U.S.C.§1415(i)(3) and 28 U.S.C §1331. Plaintiff seeks declaratory relief

pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in this Court

pursuant to 28 U.S.C. §1391.

## PARTIES

3.      Plaintiffs are children eligible to receive special education services and benefits from the District of Columbia as defined by the IDEIA and Section 504, as well as their parents or guardians who, at all times relevant to this action, were residents of the District of Columbia, and who prevailed in administrative hearings held pursuant to the IDEA.  The parents bring this action on behalf of the children and in their own right, and the individual Plaintiffs are designated as follows:

a.      At all times relevant hereto, A.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a MDT meeting to conduct an annual review of the Individualized Educational Program ("IEP").  For relief, Plaintiff requested DCPS to convene a MDT meeting to conduct an annual review of the student's IEP, discuss and determine compensatory education from July 2005, and discuss and determine placement.  On or about January 10, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/IEP meeting within 15 school days of the issuance of the Hearing Officer's Determination ("HOD") to review evaluations, review and revise the student's IEP, discuss and determine appropriate placement for the remainder of the 2005-2006 school year, and discuss compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $25,247.36 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $25,247.36 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 1***.

      b.      At all times relevant hereto, J.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a June 23, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting to review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education; failed to develop an appropriate IEP for the student; failed to develop a Behavior Intervention Plan as part of the student's IEP; failed to provide an appropriate educational placement; and failed to provide the student with his necessary special education instruction and related services. For relief, Plaintiff asked DCPS to fund and place the student at Rock Creek Academy on an interim basis; convene a SEPT/MDT/IEP meeting within ten calendar days to determine what evaluations are needed for the student, revise and complete an interim IEP for the student, and discuss and determine amount of compensatory education owed to the student; fund all additional recommended evaluations; reconvene the MDT/IEP meeting within five business days of receipt of the last evaluation to review the evaluations, revise and update the student's IEP, and discuss and determine amount of compensatory education owed to the student; and fund all recommended compensatory education. On or about

December 1, 2005, Plaintiff appeared before an Impartial Hearing Officer, who subsequently 1) ordered his original decision on December 12, 2005 be set aside due the December 1, 2005 proceeding not having been recorded, and 2) declared the Plaintiff as the prevailing party in this matter. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,658.55 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,658.55 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 2.***

      c.      At all times relevant hereto, M.B. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 25, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with the parent's request for reevaluations. For relief, Plaintiff asked DCPS to fund the student's psycho-educational, speech/language, social history, and vocational level III assessments; convene a BLMDT/Individualized Educational Program ("IEP") meeting within five business days of receipt of the evaluations to review the evaluations, revise and update the student's IEP to reflect the need for a full-time special education program, and discuss an determine placement; and provide the student with four hours of compensatory one-on-one tutoring services a week for three years. On or about January 31, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered into

the record a settlement agreement, pursuant to which DCPS agreed to complete psycho-educational, speech/language, and functional behavioral assessments within 30 days or provide the funding for independent evaluations; convene a MDT/IEP/Placement meeting within 15 school days of completion of the last evaluation to review the evaluations, review and revise the IEP, discuss and determine compensatory education, and discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,383.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $9,383.73 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 3.***

       d.       At all times relevant hereto, N.C. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to determine the student's eligibility for special education in a timely manner.  For relief, Plaintiff asked DCPS to place and fund the student on an interim basis at the Kendall School, the River School, the Model School, or the Galludet School; fund all necessary evaluations for the student, including social history, speech/language, dedicated aide justification, developmental, assistive technology, adaptive physical education, occupational therapy, and physical therapy evaluations; convene a BLMDT/Individualized Educational

Program ("IEP")/Eligibility meeting within ten business days of receipt of the evaluations

to review the evaluations, revise and update the student's IEP, and discuss and determine

placement; and provide the student with four hours of compensatory one-on-one tutoring

services a week for three years.  On or about January 27, 2006, Plaintiff appeared before an

Impartial Hearing Officer, who ordered the Defendant DCPS to fund independent physical

therapy and speech/language evaluations; convene a MDT/IEP/Eligibility/Placement

meeting within 15 school days of receipt of the last assessment to review the evaluations,

discuss and determine the student's eligibility for special education services, discuss and

determine the student's need for adaptive physical education and a dedicated aide, and

discuss and determine compensatory education.  Plaintiff is the prevailing party as that term

is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount

of $10,868.90 in accordance with the DCPS' requirements in Board of Education Rule 5

DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her

attorneys' fees and costs without reason, and $10,868.90 is still due and owing from the

Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"),
and Invoice are attached hereto as EXHIBIT 4.***

      e.      At all times relevant hereto, L.C. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about November 18, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to convene a MDT meeting to review the student's independent evaluations and revise

her Individualized Educational Program ("IEP"); and failed to provide the student with 7.5

hours of specialized instruction per week as required by her IEP. For relief, Plaintiff asked DCPS to convene a MDT meeting within ten business days to review and revise the student's IEP; and fund at least 24 hours of independent tutoring for missed services. On or about January 24, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting within 15 school days of the issuance of the Hearing Officer's Determination ("HOD") to review all evaluations, review and revise the IEP, discuss and determine an appropriate placement for the remainder of the 2005-2006 school year, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,689.78 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,689.78 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 5.***

       f.     At all times relevant hereto, C.C. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct an adaptive behavioral assessment and a clincial-psychological assessment, and failed to conduct an annual review of the student's Individualized Educational Program ("IEP"). For relief, Plaintiff asked DCPS to fund

independent adaptive behavior and clinical-psychological assessments; and convene a MDT meeting within ten school days of receipt of the last evaluation to review and revise the student's IEP, determine compensatory education, and identify an appropriate placement. On or about January 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to fund independent clinical-psychological and adaptive behavior assessments; and convene a MDT/IEP/Placement meeting within 15 school days of receipt of the evaluation report to review evaluations, review and revise the IEP, and discuss and determine placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,828.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $6,828.56 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 6.***

g.     At all times relevant hereto, C.C. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 20, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate comprehensively in all areas of suspected disability. For relief, Plaintiff asked DCPS to fund independent occupational therapy and physical therapy evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business

days of receipt of the evaluations to review any and all outstanding evaluations, determine eligibility, and, if necessary, develop an appropriate IEP, discuss and determine placement, and discuss and determine compensatory education; and provide the student with any compensatory occupational therapy and physical therapy required in the form of one-for-one services by a private provider.  On or about December 21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct a physical therapy evaluation within 15 school days of issuance of the Hearing Officer's Determination ("HOD"); fund an independent occupational therapy evaluation; and convene a MDT meeting within 15 school days of completion of the final evaluation to review the evaluations, review and revise the student's IEP, and discuss and determine placement. Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,114.05 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,114.05 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 7.***

   h.     At all times relevant hereto, T.E. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to place the student in an appropriate placement and failed to provide the student with

his special instruction and related services in a timely manner.  For relief, Plaintiff asked DCPS to place and fund the student at the Kingsbury Day School, the Chelsea School, the Katherine Thomas School, or the High Roads School; and fund four hours of individualized tutoring each week for three years.  On or about January 10, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund and place the student at the High Roads Academy through the end of the 2005-2006 school year with stay-put protections.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,541.86 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $13,541.86 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 8***.

i.      At all times relevant hereto, J.F. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to follow the child find guidelines under the IDEA.  For relief, Plaintiff asked DCPS to convene an Individualized Educational Program ("IEP") team meeting to review assessments, determine the student's eligibility for special education, and if necessary, develop an IEP and determine placement; and provide or fund one-on-one tutoring until the student demonstrates academic performance commensurate with his age.  On or about

January 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which the parties agreed at a December 16, 2005 MDT meeting that the IEP was appropriate and whereby the student was awarded 78 hours of compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,736.15 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $5,736.15 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 9.*

j.      At all times relevant hereto, S.F. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide transportation for the student to and from school. For relief, Plaintiff asked DCPS to reimburse the parent for out-of-pocket travel expenses totaling $50.00/week for at least six weeks, and begin to provide transportation on a school bus within 48 hours. On or about December 23, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to provide transportation to the school for the student. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount

of $10,742.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,742.09 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 10.***

    k.      At all times relevant hereto, K.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 29, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a January 15, 2005 settlement agreement to convene an Individualized Educational Program ("IEP") meeting, and failed to provide the student's present levels of functioning and special education services.  For relief, Plaintiff asked DCPS to provide three hours of tutoring each week for the remainder of the 2005-2006 school year, including summer; fund an independent tutor to provide the tutoring services; convene a MDT/IEP meeting to review all assessments, draft an IEP, and determine an appropriate placement.  On or about January 30, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within 45 calendar days of issuance of the Hearing Officer's Determination ("HOD") to review evaluations, review and revise the student's IEP, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines,  for reimbursement of attorneys' fees and costs in the amount of $10,669.20 in accordance with the DCPS' requirements in Board of Education Rule 5

DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,669.20 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 11.***

l.       At all times relevant hereto, N.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 29, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate placement for the student, and failed to implement the student's Individualized Educational Program ("IEP") by providing the recommended special education services. For relief, Plaintiff asked DCPS to place and fund the student at the Episcopal Center and provide 186 hours of compensatory education in the form of one-on-one tutoring. On or about January 9, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund and place the student at the Episcopal Center, including transportation and other related services, through the end of the 2005-2006 school year, with "stay put" protections; and to provide four months of compensator education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $30,243.38 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $30,243.38 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are***

*attached hereto as EXHIBIT 12.*

m.     At all times relevant hereto, J.G. was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November

1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to comply with an August 15, 2005 Hearing Officer's Determination

("HOD") to convene a MDT meeting to review evaluations, discuss and determine the best

way to implement the assessment to rule out ADHD, and revise the Individualized

Educational Program ("IEP"); failed to appropriately identify the student's special education

eligibility; failed to develop an appropriate IEP; failed to conduct a functional behavioral

assessment; failed to place the student in an appropriate placement; and failed to timely

provide the student with his special education instruction and related services.  For relief,

Plaintiff asked DCPS to place and fund the student, on an interim basis, at the Accotink

Academy, Rock Creek Academy, Pathways School, the Sunrise Academy, the High Roads

Upper School in Prince George's County, or the High Roads School in Washington, D.C.;

fund the parent's independent psychiatric and neuropsychological evaluations; convene a

MDT/IEP meeting within ten business days to review evaluations and revise the student's

IEP; and fund four hours of individualized tutoring each week for three years.  On or about

January 9, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to perform a psychiatric evaluation within 30 calendar days of the issuance

of the Hearing Officer's Determination ("HOD") or fund the evaluation; convene a

MDT/IEP meeting within 15 school days of completion of the evaluation to review

evaluations, review and revise the student's IEP, discuss and determine an appropriate

educational placement for the remainder of the 2005-2006 school year, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,288.14 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $11,288.14 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 13.***

n.      At all times relevant hereto, S.G. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 15, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 12, 2005 settlement agreement to reconvene the student's MDT/Individualized Educational Program ("IEP") meeting to review new evaluations, revise the student's IEP, and discuss placement and compensatory education; failed to develop an appropriate IEP; failed to place the student in an appropriate placement; and failed to timely provide the student with his special education instruction and related services. For relief, Plaintiff asked DCPS to reconvene the student's MDT/IEP meeting to review all evaluations, revise the student's IEP, and develop a compensatory education plan; issue a Prior Notice of Placement to the Chelsea School; and fund four hours a week of individualized tutoring for reading and math for three years. On or about January 23, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS

22

to convene a MDT/IEP meeting within 20 school days of the issuance of the Hearing Officer's Determination to review current evaluations, review and review the student's IEP, and discuss and determine compensatory education; and the student to remain at the Chelsea School on an interim basis under "stay put". Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,517.77 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,517.77 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 14.***

o.     At all times relevant hereto, D.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 13, 2005 settlement agreement to conduct a placement meeting. For relief, Plaintiff asked DCPS to immediately place and fund the student at the Rock Creek Academy; convene the student's MDT/Individualized Educational Program ("IEP") meeting within five business days to review and revise the student's IEP and discuss and determine if additional evaluations are needed; fund all requested/recommended evaluations for the student; and reconvene the MDT/IEP meeting within ten school days of receipt of the parent's independent evaluations to review the evaluations and revise the student's IEP. On or about January 30, 2006, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to fund the student at the Rock Creek Academy for the remainder of the 2005-2006 school year; and convene a MDT/IEP meeting within 45 days of the issuance of the Hearing Officer's Determination ("HOD") to review evaluations, review and revise the student's IEP, discuss and determine an appropriate educational placement for the 2006-2007 school years, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,171.45 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,171.45 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 15.***

     p.     At all times relevant hereto, R.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 16, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to assess and determine eligibility within the statutory time-frame. For relief, Plaintiff asked DCPS to provide the student three hours of tutoring each week for the 2005-2006 and 2006-2007 school years. On or about January 13, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide the student with 390 hours of specialized instruction and 22 hours of psychological counseling, to begin by March 3, 2006. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney

timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,721.62 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,721.62 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 16***.

q.     At all times relevant hereto, L.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 24, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a July 19, 2005 Hearing Officer's Determination ("HOD") to fund the parent's independent neuropsychological evaluation and to convene a MDT/Individualized Educational Program ("IEP") meeting; failed to timely determine the student's eligibility for special education and related services; failed to develop an appropriate IEP; failed place the student in an appropriate placement; failed to conduct the student's functional behavior assessment; and failed to timely provide the student with his special education instruction and related services. For relief, Plaintiff asked DCPS to place and fund the student at the Chelsea School or the Parkmount School on an interim basis; fund the parent's independent functional behavior assessment; convene a MDT/IEP meeting within ten business days of receipt of the last evaluation to review the evaluations, develop an appropriate IEP, and discuss and determine placement; and fund four hours of individualized tutoring each week until the student demonstrates age- and grade-appropriate academic functioning or ages out

25

of the IDEIA.  On or about February 1, 2006, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to issue immediately a Prior Notice placing the

student at Commonwealth on an interim basis for the remainder of the 2005-2006 school

year; and convene a MDT meeting by March 31, 2006 to discuss and determine placement,

review evaluations, review the student's progress at Commonwealth, and update the

student's IEP.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's

attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines,

for reimbursement of attorneys' fees and costs in the amount of $13,282.50 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

without reason, and $13,282.50 is still due and owing from the Defendant.  ***Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached

hereto as EXHIBIT 17.***

      r.      At all times relevant hereto, V.H. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about October 3, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to adhere to the rules and regulations in the IDEA regarding child find and failed to

conduct an evaluation upon parental request.  For relief, Plaintiff asked DCPS to evaluate

the student in all areas of suspected disability; convene an Individualized Educational

Program ("IEP") meeting to review the assessments, determine the student's eligibility for

special education services, and if necessary, develop an IEP and determine an appropriate

placement; and provide or fund one-on-one tutoring for each day of services the student

missed due to DCPS' failure to evaluate the student in a timely manner. On or about January 13, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene an eligibility meeting by February 14, 2006 to review all evaluations, develop an IEP, determine placement, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $14,562.49 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $14,562.49 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 18.***

       s.       At all times relevant hereto, J.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide the student an educational placement, failed to complete a recommended psychiatric evaluation, and failed to implement the student's Individualized Educational Program ("IEP") while he was suspended. For relief, Plaintiff asked DCPS to fund and place the student at the Florence Bertell Academy, Center for Life Enrichment, the Pathways School, or the High Roads Academy; provide four hours of compensatory one-on-one tutoring each week for the remainder of the 2005-2006 school year; fund an independent psychiatric evaluation; and convene an IEP/MDT meeting within 15 school days of receipt

of the independent psychiatric evaluation.  On or about January 19, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to provide 25 hours of academic tutoring to the student as compensatory education.  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $16,176.13 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $16,176.13 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 19.***

> t.    At all times relevant hereto, J.H. was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to appropriately issue placement to the Jackie Robinson Center and failed to comply with a September 20, 2005 Hearing Officer's Determination ("HOD") to convene a MDT meeting to review the student's placement.  For relief, Plaintiff asked DCPS to fund interim or permanent placement to the Rock Creek Academy, Pathways of Maryland, Accotinck Academy, the Foundation School, or another appropriate placement; and convene a MDT meeting within five days in compliance with the September 20, 2005 HOD.  On or about January 13, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to participate in the student's BLMDT/Compensatory

Education meeting to be held at Leary School to discuss and decide how the compensatory education plan will be implemented. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,372.76 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $9,372.76 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 20.***

u.    At all times relevant hereto, J.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 22, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting to discuss and determine placement, and failed to provide the student with his special education instruction and related services. For relief, Plaintiff asked DCPS to fund and place the student at the Episcopal Center for the remainder of the 2005-2006 school year; convene a MDT/IEP meeting within five business days to review the student's evaluations, revise and update the student's IEP, and develop a compensatory education plan; and fund 1,100 hours of compensatory education, including specialized instruction, speech/language therapy, psychological counseling, and occupational therapy services. On or about February 1, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to inform counsel by February 3, 2006 at 9 a.m. whether a neuropsychological evaluation

has begun, and if not, fund an independent neuropsychological evaluation; and convene a MDT/IEP/Placement meeting within 15 school days of completion of the evaluation to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine the amount, form, and delivery of compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,360.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,360.81 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 21***.

   v.  At all times relevant hereto, J.H. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 29, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a June 8, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP")/Placement meeting before the first day of the 2005-2006 school year.  For relief, Plaintiff asked DCPS to place and fund the student at the Sunrise Academy, convene a MDT/IEP meeting within five business days to review all outstanding evaluations and develop an appropriate IEP, and fund two years of compensatory education services.  On or about October 21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene

a Resolution Meeting by November 10, 2005 and continued the hearing to November 28, 2005, at which time the parties were to provide the Hearing Officer with an update concerning the status of a MDT/IEP meeting. On January 10, 2006, Plaintiff again appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting within ten school days of the issuance of the Hearing Officer's Determination ("HOD").  Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,946.84 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,946.84 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 22***.

w.     At all times relevant hereto, K.K. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 13, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate educational program, failed to provide an appropriate placement, failed to convene a manifestation meeting, and failed to allow the parent to participate in the placement meeting.  For relief, Plaintiff asked DCPS to provide copies of all suspension records on the student for the 2005-2006 school year,  place and fund the student at the Sunrise Academy, reconvene the student's IEP/manifestation meeting within 30 calendar days to review current evaluations and revise the student's Individualized

31

Educational Program ("IEP"), and provide the student with compensatory tutoring for three hours each week for the remainder of the 2005-2006 school year. On or about January 9, 2006, and January 13, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund and place the student at the Sunrise Academy from the date of the student's enrollment through the current school year, provide to the student four months of compensatory education, and convene a MDT meeting at the Sunrise Academy within 30 school days to discuss the form and type of compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,586.61 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,586.61 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 23***.

x.    At all times relevant hereto, C.L. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 8, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to determine the student's eligibility for over two years since the initial request for evaluations; failed to comply with an April 5, 2005 settlement agreement, pursuant to which DCPS agreed to convene BLMDT/Individualized Educational Program ("IEP") meeting within 15 school days of receipt of the last evaluation to determine her

eligibility for special education services; failed to comply with an October 12, 2005 settlement agreement, pursuant to which DCPS agreed to convene a BLMDT/IEP meeting within 20 school days to review evaluations and determine the student's eligibility for special education services; failed to conduct either a clinical-psychological or psychiatric evaluation; failed to find the student eligible to receive special education and to develop an appropriate IEP; and failed to timely provide the student with his special education instruction and related services. For relief, Plaintiff asked DCPS to place and fund the student on an interim basis at the Rock Creek Academy, Pathways School of Maryland, the Sunrise Academy, the High Roads Upper School of Prince George's County, or the High Roads School of Washington, D.C.; fund the student's independent neuropsychological and psychiatric evaluations; convene a MDT/IEP meeting within ten business days of receipt of the last of the student's evaluations to review all evaluations, revise the student's IEP, and discuss and determine placement; and fund four hours of tutoring each week for three years. On or about January 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund an independent clinical-psychological evaluation; convene a MDT/Eligibility/IEP/Placement meeting within 15 school days of receipt of the evaluation to review evaluations, discuss and determine eligibility, and if necessary, complete an IEP; and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,850.56 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $5,850.56 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 24.***

y.     At all times relevant hereto, D.L. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 2, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comprehensively evaluate in all areas of suspected disability.  For relief, Plaintiffs asked DCPS to fund independent psycho-educational, speech/language, and social history evaluations; convene a MDT/Individualized Educational Program ("IEP") meeting within ten business days of receipt of the evaluations to review all evaluations, determine eligibility, and if necessary, develop an appropriate IEP, discuss and determine placement, and discuss and determine compensatory education; and provide two hours of special education and related services each week from a private provider as compensatory education.  On or about January 11, 2006, Plaintiffs appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide copies of completed psycho-educational, speech/language, and social history evaluations within five business days; and convene a MDT/Eligibility/IEP/Placement meeting within ten school days of receipt of the last evaluation report to review evaluations, discuss and determine the student's eligibility for special education services, and discuss and determine compensatory education.  Plaintiffs are the prevailing parties as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $10,941.78 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs without reason, and $10,941.78 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 25.***

z.       At all times relevant hereto, E.L. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 27, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide 20 hours per week of specialized instruction as called for by the student's Individualized Educational Program ("IEP") and failed to provide an appropriate placement. For relief, Plaintiff asked DCPS to fund 20 hours each week of compensatory one-on-one tutoring for each week that the student was denied specialized instruction and to fund interim/permanent placement at the Rock Creek Academy. On or about November 21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund 120 hours of one-on-one tutoring after school hours for the period of missed services from August 29, 2005 to October 11, 2005. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,904.26 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $11,904.26 is still due and owing from the

Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 26*.

aa.    At all times relevant hereto, A.L. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a July 6, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within five days of the start of the 2005-2006 school year to review current evaluations, assess whether new evaluations are needed, and revise the student's Individualized Educational Program ("IEP"); failed to develop an appropriate IEP for the student; failed to conduct a recommended vocational assessment; failed to conduct a recommended psychiatric evaluation; failed to conduct a triennial neuropsychological reevaluation; and failed to provide the student with his necessary special education instruction and related services.  For relief, Plaintiff asked DCPS to fund the student for the remainder of the 2005-2006 school year at the Phillips School of Laurel, the Accotink Academy, or the Frost School; fund the parent's independent psychiatric neuropsychological, vocational, and functional behavior assessments; conven a MDT/IEP meeting within five business days of receipt of the last evaluation to review evaluations, revise and update the student's IEP, and discuss and determine compensatory education; and fund all recommended compensatory education.  On or about January 26, 2006, Plaintiff appeared before an Impartial Hearing Officer, who enter into the record a settlement agreement, pursuant to which the Defendant DCPS agreed to fund an independent neuropsychological evaluation; schedule a vocational assessment within 15 days; and

36

convene a MDT/IEP/Placement meeting within 15 school days of receipt of the last evaluation report to review evaluations, review and revise the IEP, discuss and determine placement, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,981.12 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,981.12 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 27.***

bb.    At all times relevant hereto, D.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 2, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 11, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP") meeting within 20 calendar days to review current evaluations, review the IEP, and determine the student's entitlement to additional services.  For relief, Plaintiffs asked that DCPS fund four hours of individualized tutoring each week for two years as compensatory education.  On or about January 10, 2006, Plaintiffs appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within 30 days to discuss and determine the form, amount, and delivery of compensatory education.  Plaintiffs are the prevailing parties as that term is defined by law.

37

Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,129.32 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs without reason, and $8,129.32 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 28.***

cc.     At all times relevant hereto, C.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 28, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct initial evaluations in a timely manner. For relief, Plaintiff asked DCPS to conduct and/or fund psycho-educational, social history, speech and language, clinical, and functional behavior assessments; conduct additional occupational therapy, physical therapy, psychiatric, neuropsychological, and/or audiological evaluations if warranted or recommended; convene a MDT/Individualized Educational Program ("IEP") within ten calendar days of completion of the last evaluation; provide copies of all completed evaluation reports within 48 business hours prior to any meeting held on the student's behalf; and provide compensatory education if the student is determine to be eligible for special education services. On or about December 16, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to conduct social history and psycho-educational evaluations, and a classroom observation, by January 10, 2006; conduct a MDT/IEP meeting by January 31, 2006 to

38

review all evaluations, determine if additional evaluations are needed, develop an IEP as appropriate, and discuss and determine compensatory education; and fund additional assessments as appropriate. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,402.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,402.39 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 29.*

      dd.    At all times relevant hereto, D.M. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about November 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 4, 2005 Hearing Officer's Determination ("HOD") to convene a manifestation review meeting and, if necessary, develop a compensatory education plan; failed to provide the student with his special education services during suspension; failed to implement the student's Individualized Educational Program ("IEP"); and failed to provide an appropriate placement and program. For relief, Plaintiff asked DCPS to fund two hours of independent tutoring and related services each week until the student achieves grade-level performance, and convene an IEP meeting within ten days to review the student's progress and revise the IEP. On or about January 11, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a

settlement agreement, whereby the Defendant DCPS agreed to convene a manifestation determination meeting within 15 school days of issuance of the HOD to satisfy the requirements of the October 4, 2005 HOD.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,690.11 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,690.11 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 30.***

ee.    At all times relevant hereto, C.P. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 8, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate the student in all areas of suspected disability.  For relief, Plaintiff asked DCPS to convene an Individualized Educational Program ("IEP") meeting to review the assessments, review and revise the IEP, and determine an appropriate placement; and provide or fund one-on-one tutoring for each day of services the student missed due to DCPS' failure to review the psycho-educational assessment and revise the IEP.  On or about January 20, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT/IEP meeting within 15 school days of issuance of the Hearing Officer's Determination ("HOD") to review assessments, review and revise the IEP, discuss and

determine placement, and discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,330.43 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,330.43 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 31.***

      ff.    At all times relevant hereto, C.P. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about September 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide a dedicated aide as required by the student's Individualized Educational Program ("IEP").  For relief, Plaintiff asked DCPS to fund 25 hours of compensatory one-on-one after-school tutoring for every week the student was denied a dedicated aide; fund interim/permanent placement for the student to attend St. Colleta's School or the Lt. Joseph Kennedy Institute; begin providing a dedicated aide for the student within 24 hours; and convene a MDT meeting to identify an appropriate placement.  On or about November 30, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide the student 50 hours of specialized instruction in the form of one-on-one tutoring, with the times and manner of tutoring to be agreed to by the school staff and the parent.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney

timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,999.74 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,999.74 is still due and owing from the Defendant. **_Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 32_**.

gg.     At all times relevant hereto, A.R. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a MAPT meeting to address the student's need for a residential placement and failed to provide the student an appropriate placement.  For relief, Plaintiff asked DCPS to identify an appropriate residential placement and/or fund the private placement of the student, execute the necessary documents for placement to occur within ten calendar days of the date of the Hearing Officer's Determination ("HOD"), and convene a MAPT meeting and/or placement meeting with the requisite participants.  On or about January 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which the Defendant DCPS agreed to issue a Prior Notice by February 28, 2006 to place and fund the student at Tampa Bay Academy, execute the necessary interstate agreements, and provide the student transportation to Tampa Bay Academy.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $12,155.27 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,155.27 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 33.***

   hh.   At all times relevant hereto, J.S. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 18, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to reimburse the parent for her costs associated with the student's transport to the New Hope Residential Treatment Center.  For relief, Plaintiff asked DCPS to send the parent a check in the amount of $1,097.68 within five business days.  On or about January 27, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to reimburse the parent within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD") the travel expense she submitted in the amount of $1,097.68.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,427.57 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,427.57 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached***

*hereto as EXHIBIT 34.*

  ii. At all times relevant hereto, E.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an October 4, 2005 Hearing Officer's Determination ("HOD") to convene a MDT/Individualized Educational Program ("IEP")/Placement meeting within 30 days at the Rock Creek Academy to review evaluations, review and revise the IEP, and discuss and determine placement; and failed to timely determine the student's eligibility for special education and related services.  For relief, Plaintiff asked DCPS to fund the student at the Rock Creek Academy for the remainder of the 2005-2006 school year, reconvene the student MDT/IEP meeting within five business days to review all outstanding evaluations to develop an appropriate IEP, and fund four hours of individualized tutoring a week for two years as compensatory education.  On or about January 17, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting by June 30, 2006 to discuss and determine compensatory education.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,374.58 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,374.58 is still due and owing from the Defendant.  ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"),***

*and Invoice are attached hereto as EXHIBIT 35.*

jj.    At all times relevant hereto, E.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about November 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a June 23, 2005 settlement agreement to convene a MDT/Individualized Educational Program ("IEP") meeting within 20 days to review evaluations, revise the IEP, discuss placement, discuss compensatory education, and develop a compensatory education plan, if warranted; failed to develop an appropriate IEP for the student; and failed to provide the student with special education instruction and related services in a timely manner.  For relief, Plaintiff asked DCPS to convene a MDT/IEP meeting to review all evaluations, revise the student's IEP, and develop a compensatory education plan; and fund four hours of individualized tutoring in math and reading each week for three years or until such time the student demonstrates grade- and age-appropriate math and reading skills.  On or about January 30, 2006, Plaintiff appeared before an Impartial Hearing Officer, who entered into the record a settlement agreement, pursuant to which DCPS agreed to convene a MDT meeting within ten school days of issuance of the Hearing Officer's Determination to review and revise the IEP, and to discuss and determine placement.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,855.65 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

without reason, and $15,855.65 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 36.***

kk.     At all times relevant hereto, A.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about October 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct the student's reevaluations and develop an appropriate Individualized Educational Program ("IEP").  For relief, Plaintiff asked DCPS to fund the student at the Rock Creek Academy on an interim basis; fund the student's independent clinical psychological, psycho-educational, functional behavioral assessment, and psychiatric evaluations; convene a MDT/IEP meeting within five business days of receipt of the last evaluation to review all evaluations, revise the student's IEP, and discuss and determine if placement in a residential facility is necessary; and provide the student with compensatory one-on-one tutoring for four hours a week for one year.  On or about January 12, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to perform or fund a psychological evaluation within 20 school days of the issuance of the Hearing Officer's Determination ("HOD"), with the psychological evaluation to be limited to assessments that will determine why the student is involved in sexual misconduct; convene a MDT/IEP meeting within 15 school days of receipt of the evaluation to review all current evaluations, review and revise the student's IEP, and discuss and determine an appropriate placement for the 2005 school year; and consider and develop an appropriate compensatory education plan.  Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,774.30 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $9,774.30 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 37.***

      ll.     At all times relevant hereto, J.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about October 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct the student's requested neuropsychological reevaluation and failed to conduct the student's requested psychiatric evaluation. For relief, Plaintiff asked DCPS to fund the student's independent neuropsychological reevaluation and psychiatric evaluation; convene a MDT/Individualized Educational Program ("IEP") meeting within five business days of receipt of the last evaluation to review all evaluations and revise the student's IEP; and provide the student with compensatory one-on-one tutoring for four hours each week for one year. On or about December 6, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct a psychiatric evaluation by January 30, 2006; and convene a MDT meeting within 15 school days of completion of the evaluation to review all evaluations and revise the student's IEP. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs

in the amount of $11,182.08 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $11,182.08 is still due and owing from the Defendant. ***Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 38***.

      mm.    At all times relevant hereto, R.W. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an April 21, 2005 settlement agreement, pursuant to which DCPS agreed to convene a MDT/Individualized Educational Program ("IEP") meeting within 45 calendar days to develop a compensatory education plan to deliver 250 hours of compensatory education for specialized instruction and to amend the student's IEP to reflect a full-time program at the High Road Upper School for the 2004-2005 school year. For relief, Plaintiff asked DCPS to convene a MDT/IEP meeting to review new evaluations, develop an appropriate IEP, and discuss and determine if a change in placement is warranted; and fund 250 hours of compensatory education. On or about January 27, 2006, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a MDT/IEP meeting within ten days of issuance of the Hearing Officer's Determination ("HOD") to make the necessary revisions to the student's IEP and to develop a compensatory education plan to deliver 250 hours of compensatory education for specialized instruction. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines,

for reimbursement of attorneys' fees and costs in the amount of $15,199.58 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

without reason, and $15,199.58 is still due and owing from the Defendant. *Copies of the*

*Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached*

*hereto as EXHIBIT 39.*

      nn.    At all times relevant hereto, S.Y. was a student in the District of Columbia

Public Schools' ("DCPS") Special Education Program.  On or about October 13, 2005,

Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS

failed to comply with an August 4, 2005 Hearing Officer's Determination ("HOD") for

DCPS to conduct psycho-educational, speech/language, social history, and clinical

psychological evaluations, and to convene a meeting to address eligibility, determine a

placement, and develop a compensatory education plan.  For relief, Plaintiff asked DCPS to

provide to parent's counsel copies of all evaluations; fund any evaluations not yet

completed; convene a MDT meeting to review evaluations, address eligibility, develop a

program, and determine placement; and provide compensatory education in the form of one-

on-one tutoring.  On or about January 12, 2006, Plaintiff appeared before an Impartial

Hearing Officer, who ordered the Defendant DCPS to fund clinical-psychological,

speech/language, and social history evaluations, if they have not been conducted already;

provide the parent the evaluations and/or any protocols used in conducting assessments that

are generally contained in a clinical-psychological evaluation; and convene a MDT meeting

within 15 school days of receipt of independent evaluations to review the evaluations,

determine eligibility, and if necessary, develop an Individualized Educational Program ("IEP") and determine placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,144.91 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,144.91 is still due and owing from the Defendant. *Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 40.*

4.     The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

5.     Clifford Janey is the Superintendent of the District of Columbia Public Schools System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.     Plaintiffs are all "prevailing parties" as defined in *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and are

entitled to recover reasonable attorneys' fees and costs.

8.    On or about February 9, 2006, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendant.

9.    That according to Defendant "Guidelines for the Payment of Attorney Fees in IDEA Matters," invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 60 days of submission.

10.    That more than 60 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendant, and Defendant have neither acknowledged the submissions nor remitted payment. Therefore, under the Guidelines established by the Defendant, Plaintiffs' invoices are considered denied by Defendant.

11.    That Defendant have refused and/or failed to reimburse the Plaintiffs and have not provided an explanation.

12.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendant has knowingly, intentionally, and in contravention of settled law, substituted its own subjective standards for the standards articulated by the IDEA and this Court.

13.    That additionally, the Defendant has similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegal/legal assistants.

14.    That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Selected Milk Producers, Inc. v.*

51

*Johanns*, 400 F.3d 939 (D.C. Cir. 2005)(citing *Buckhannon,* 532 U.S. at 603-04).

15.    That the Plaintiffs herein are "prevailing parties" as this term is defined in *Selected Milk Producers, Inc*.

16.    That the Defendant offered Plaintiffs Robinson, Brydsong, Condrey, Fennell, Flores, Garris, Hedrick, Herbin, Lowery, Mathis, Mitchell, Moore, Pittman, Robinson, Reed, and Wilburn all or some of the relief sought in their due process hearing request.

17.    That the Defendant offered to settle these claims on the record before an Impartial Due Process Hearing Officer, the provisions of which were later incorporated into Hearing Officer's Determination.

18.    That the agreements were properly incorporated into a hearing officer's determination (HOD), and that the Defendant was ordered to undertake or refrain for some conduct consistent with IDEA.

19.    That each of these parents are prevailing parties and may be awarded attorneys' fees when they prevail against the schools system in administrative proceedings.

20.    That Plaintiffs' bring this complaint and motion for attorneys' fees pursuant to the Civil Rights Act, 42 U.S.C. §1983, to enforce their statutory rights under the IDEIA, and are thus entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

21.    That 42 U.S.C. §1988 provides that"[i]n any action or proceeding to enforce a provision of sections. . . 1983. . ., the court, in its discretion, may allow the prevailing, other than the United States, a reasonable attorney fee as a part of the costs."  42 U.S.C. §1988

22.    That in *Grano v. Barry*, the Court determined that "[t]he District Court must

award attorney fees to the prevailing parties in civil rights litigation unless special circumstances would render such an award unjust." See *Grano v. Barry,* 783 F.2d 1104 (D.C. Cir. 1986).

23.    That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

24.    That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. *See, e.g.*, *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

25.    That the current billing rates for the attorneys, as evidenced by the invoices attached as ***EXHIBITS*** hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

26.    That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

27.    That in the case *sub judice*, the refusal of the Defendant to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

28.    That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

29.    That Defendant has summarily refused to pay Plaintiffs' applications for all costs and fees associated with their cases.

## COUNT I

30.    That Plaintiffs repeat and re-allege paragraphs 1 through 29, above.

31.    That Defendant violated the Plaintiffs' right to reasonable fees under the IDEIA  when it failed to reimburse Plaintiffs for reasonable attorneys' fees and cost for all of the submitted bills.

## COUNT II

32.    That Plaintiffs repeat and re-allege paragraphs 1 through 31, above.

33.    That Defendant has violated one or more specific provisions of the IDEIA, more specifically, the right to counsel provision, as well as, the fee shifting provision.

34.    That even though Plaintiffs have timely submitted invoices in accordance with the November 2004 Attorney Fee Guidelines Memorandum, more than sixty days have passed and the Defendant has offered no reason for denial of reimbursement of reasonable attorney fees.

35.    That the Defendant's conduct continues to interfere and frustrates a parent's ability to obtain and retain competent legal counsel.

36.    That since the remedies offered under the IDEIA are inadequate to redress the harm suffered, the Plaintiffs, under 42 U.S.C §1983, are enforcing their rights pursuant to the IDEIA, and thus are entitled to reimbursement for attorneys fees for litigating this action, as well.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.    Issue a declaratory judgment that the Defendant have violated Plaintiffs' rights under the IDEIA and DCMR;

54

2.      Order that Plaintiffs are entitled to reimbursement for their reasonable attorney fees;

3.      Award Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $415,054.38;

4.      Award to Plaintiffs reasonable attorneys' fees and costs incurred in litigating this action; and

5.      Grant other such relief that the Court deems just and proper.


                                Respectfully Submitted,


                                _____
                                Tilman L. Gerald [928796]
                                Roxanne D. Neloms [478157]
                                James E. Brown & Associates,
                        PLLC
                                1220 L Street, NW, Suite 700
                                Washington, D.C. 20005
                                (202)742-2000
                                *Attorneys for Plaintiffs*