UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA ROBINSON, for<br>A.B., a minor, et al., | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : Civ. No. 06-1253 (RCL) |
| DISTRICT OF COLUMBIA, et al., | :<br>:<br>: |
| Defendants. | :<br>: |

## DEFENDANTS' MOTION TO DISMISS

The Defendants, by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiffs' Complaint. By praecipe filed October 5, 2006, the Plaintiffs voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of J.G., J.H. and J.W. As to all the remaining Plaintiffs, they have failed to state a claim under 42 U.S.C. § 1983 for which relief may be granted. As to J.G. and J.W., they are not prevailing parties under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA") and their claims should be dismissed.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities, and an appropriate proposed order is also submitted.

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the
                District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

2

/s/ *Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II


/s/ *Amy Caspari*
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794
October 20, 2006                    email:  amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA ROBINSON, for A.B., a minor, et al., : | |
| Plaintiffs, : | |
| v. : | Civ. No. 06-1253 (RCL) |
| DISTRICT OF COLUMBIA, et al., : | |
| Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

On July 12, 2006, forty (40) named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 et seq. ("IDEIA"). By praecipe filed October 05, 2006, the Plaintiffs voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of J.G., J.H. and J.W.

The complaint (paragraph 1) states that it is being filed pursuant to the IDEIA, Title V of the District of Columbia Municipal Regulations ("DCMR"), and 42 U.S.C. §§1983 and 1988. As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

**ARGUMENT**

I.    **Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff bears the burden of establishing that the court has jurisdiction. *See* District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief. *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "[u]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief"). Construing the complaint in the light most favorable to the Plaintiffs, the District is entitled to relief because Plaintiffs fail to set forth a claim for which they are entitled to relief.

Because Plaintiffs have attached exhibits to their complaint, the Court may consider those materials in ruling on a Rule 12(b)(6) motion. *See* Messerschmidt v. United States, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)( motion to dismiss was not converted to motion for summary judgment when attached thereto were prior court opinions relating to the allegations in the complaint and which were matters of public record.) *See also* Abbey v. Modern Africa One, LLC, 2004 U.S. Dist. LEXIS 2392 (D.D.C. 2004)("In a motion to dismiss, the Court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the Court may take judicial notice"), *citing* Baker v. Henderson, 150 F. Supp. 2d 17, 19 (D.D.C. 2001).

**II.     Dismissal of the Claims Herein is Required.**

    **A.     Plaintiffs Failed to Sufficiently Plead a Section 1983 Claim.**

In the complaint, it is asserted that the claims for attorney fees are brought pursuant to 42 U.S.C. § 1983 to enforce Plaintiffs' statutory rights under the IDEIA.  (Complaint para. 20)  However, Plaintiffs' § 1983 claims fail for several reasons: (a) plaintiffs' complaint does not sufficiently plead a predicate violation of FAPE, (b) the right to attorneys fees under the IDEA and § 1988 is not a right independently enforceable through §1983, and (c) plaintiffs have failed to plead custom, policy, and practice as required by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (U.S. 1978).

In order to sufficiently plead a § 1983 claim based upon a violation of the IDEIA, plaintiffs must satisfy a four-part test: (1) that the defendant violated IDEIA, (2) that "exceptional circumstances" exist, such that the conduct of the defendant causing the IDEIA violation was "persistently egregious" and prevented or frustrated plaintiff from securing equitable relief under the IDEIA, (3) that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEIA violations, and (4) that normal remedies offered under the IDEIA- specifically compensatory education – are inadequate to compensate plaintiff for the harm that he or she allegedly has suffered.
R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003), *citing* Walker v. District of Columbia, 157 F. Supp. 2d 10, 11 (D.D.C. 2001)

In Jackson v. District of Columbia, Civ. No. 02-0968, (D.D.C. September 21, 2003), slip op at 9, the court found the first element of a §1983 claim to be satisfied where there was a denial of FAPE in violation of the IDEIA.  In our case, without a predicate denial of FAPE, Plaintiffs cannot demonstrate a right to attorneys' fees under the IDEIA or

§ 1983.  West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must first establish the violation of a right secured by the Constitution or laws of the United States.)

Therefore, Plaintiffs fail this initial burden because there was no denial of FAPE found, they are not prevailing parties, and therefore there is no violation of the laws of the United States.  See Record, generally.  The only arguable violation of the IDEIA fee provision might occur if a court were to find plaintiffs are prevailing parties, award attorney fees and Defendants failed to pay the award of attorney fees.  None of these events has occurred.

Moreover, the "right to reasonable attorney's fees" under the IDEIA is not an absolute right to fees.  The statute conferring this "right" is couched in precatory terms, providing that a court, in its discretion, may award reasonable attorneys fees.  20 U.S.C. § 1415(i)(3)(B).  The Supreme Court has held that when determining whether a particular statutory provision gives a right enforceable under Section 1983, "the statute must [inter alia] unambiguously impose a binding obligation…In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms."  Blessing v. Freestone, 520 U.S. 329, 340 (1997).  Thus, the "right to reasonable attorneys fees" under the IDEA is not a right enforceable through Section 1983.  See also Kaseman v. District of Columbia, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), rev'd on other grounds, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms." "It cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings").

6

Finally, while there is no heightened pleading requirement for a § 1983 claim alleging municipal liability, "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). Though the D.C. Circuit has not required a plaintiff to "[p]lead law or match facts to every element of a legal theory [in a 1983 claim]," Sparrow 216 F.3d at 1115, it still requires that the complaint "include some factual basis for the allegation of a municipal policy or custom." Atchinson v District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). *See* R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003). Also, in a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low", nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, supra, slip op at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id.

Given the fact that plaintiffs have made no effort to establish § 1983 liability by pleading any facts beyond an IDEIA violation (Complaint paras.1, 2, 20, 21, 22 and 36), Plaintiffs' § 1983 claim should be dismissed. See Spilsbury v. District of Columbia, 377 F.Supp. 2d 1, 11 (D.D.C. 2005)(Court refused to entertain § 1983 fee petition in IDEA matter where plaintiff failed to distinguish his § 1983 claim by pleading "policy, practice and custom" pursuant to Monell.) [1]

---

[1] In addition to the IDEIA and The Civil Rights Act, the complaint refers to Title 5 of the District of Columbia Municipal Regulations. (Complaint, para. 1) However, this court lacks original jurisdiction over claims arising out of the District's municipal regulations.

7

> **B.    When there is no finding of a denial of a Free Appropriate Public Education, and no relief granted on the merits of the Plaintiffs' claims, Plaintiffs are not "prevailing parties" pursuant to the IDEIA.**

Under the IDEIA, disabled students are entitled to a free appropriate public education ("FAPE"). 20 U.S.C § 1412(a)(1). The IDEIA further provides Plaintiffs the right to seek relief if FAPE is denied. 20 U.S.C. § 1415(f) – (i). When a denial of FAPE is found to exist, parents and children are entitled to "such relief as the court determines is appropriate," 20 U.S.C. § 1415(i)(2)(B)(iii).

IDEIA also provides, in relevant part, that "[in] any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a *prevailing party* who is the parent of a child with a disability. 20 U.S.C. § 1415 (i)(3)(B) (emphasis added).

> Although the IDEA does not define prevailing party, the Supreme Court has held that a plaintiff is a prevailing party for purposes of being awarded attorney's fees when the party has secured, inter alia, a judgment on the merits or a court ordered consent decree. Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598, 603-04 (2001).

Lopez v. District of Columbia, Civ. No. 03-1665, (D.D.C., January 26, 2005), slip op at 1-2. In this jurisdiction, it is well settled that, to be a prevailing party entitled to attorneys' fees under IDEIA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial action. Alegria v. District of Columbia, U.S. Dist. LEXIS 16898 (D.D.C. 2002), aff'd, 391 F. 3d 262, 265 (2004), *citing* Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001).

As to J.G. and J.W., Plaintiffs' exhibits show they are not entitled to attorney fees because they failed to prove a threshold violation of a federal right to FAPE at the

8

administrative level; any administrative relief provided by the HO was not a remedy for a FAPE violation and clearly left the merits of the Plaintiffs' claims undecided.

### 1. J.G. is not a prevailing party.

While J.G.'s counsel claims that $11,288.14 is due and owing for legal services related to prevailing at administrative hearing on January 9, 2006, the HOD states that DCPS *has provided* a FAPE to J.G. (Complaint para. 3(m), Complaint Exhibit 13) In his hearing request, Plaintiff alleged that pursuant to a previous HOD, DCPS failed to convene an IEP/MDT meeting to consider the results of an occupational therapy report; failed to identify the student as emotionally disturbed; failed to provide a behavior intervention plan; and failed to provide a proper placement at Stanton ES. (Complaint Exhibit 13, Hearing Request) For relief, Plaintiffs sought a finding that DCPS failed to provide FAPE; failed to identify J.G.; failed to develop an appropriate IEP; failed to develop a Functional Behavioral Assessment ("FBA"); and failed to timely provide services. Plaintiffs claimed that DCPS should have agreed to fund a private placement; fund an independent psychiatric and neuropsychological exam; and fund tutoring. (Complaint Exhibit 13, Hearing Request)

The HO decided:

> DCPS has sustained its burden of proof on the issue of whether DCPS failed to comply with the Hearing Officer's Determination ("HOD") dated August 15, 2005. A preponderance of the evidence supports DCPS contention that DCPS did comply with the HOD as the team did discuss assessments and thereafter, the MDT did not agree to further evaluate the student, as the battery of evaluations performed did not warrant further evaluations. Under this set of circumstances, DCPS has provided a free appropriate public education . . . .

In Lopez v. District of Columbia, Civ. No. 03-1665 (D.D.C., January 26, 2005), even though plaintiff's request for a preliminary injunction was ordered, the plaintiff was not considered a prevailing party because this court deferred ruling whether a private school

9

placement was proper, and whether the District had the obligation to fund the placement. In short, the case was not resolved on the merits:

> [T]wo of the most important issues upon which plaintiff sought favorable rulings in her motion for summary judgment were deferred until a later date. This is surely distinguishable from cases in which plaintiff's success in maintaining the status quo was the most important issue upon which she sought judicial relief.

Id., slip op at 3.

In the instant case, like Lopez, Plaintiff claims to be a prevailing party where placement and reimbursement were sought but not ordered, and no findings of "child find" or FAPE violations under the IDEIA were made.  Plaintiff simply alleges he is a prevailing party because a psychiatric evaluation was ordered:

> Notwithstanding DCPS' determination the record reflects significant unanswered questions concerning J.G. which justify the performance of a Psychiatric Evaluation.  Furthermore, the question of the appropriateness of the student's placement is questionable, as there is some evidence to support the parent's contention of the inappropriateness of the placement i.e. statement of the regular education teacher.

(Complaint, Exhibit 13)  While the hearing officer did order a psychiatric evaluation, it is clear that this relief was designed to look into the various unanswered questions in this case but did not resolve the merits of the claims. Thus, J.G. is not a prevailing party because he failed to achieve relief on the merits of his claims.

### 2.) **J.W. is not a prevailing party**

While J.W.'s counsel alleges that $11,182.08 is due and owing for legal services related to prevailing at administrative hearing on December 6, 2005, the HOD states that DCPS did not deny FAPE to J.W.  (Complaint para. 3(ll), Exhibit 38)  At all relevant times in and around this dispute, J.W. was attending Rock Creek Academy, where he was

receiving an educational benefit. In his hearing request, among other things, Plaintiff sought a finding that DCPS failed to provide FAPE to J.W. because DCPS did not conduct a psychiatric evaluation as recommended in a current psychological evaluation report. For relief, Plaintiffs sought funding for an independent psychological exam and psychiatric exam in addition to a DCPS psychological and psychiatric exam and compensatory education. (Complaint Exhibit 38, Hearing Request) DCPS did conduct a psychological evaluation and the HO concluded that, while there was no denial of FAPE, DCPS should also perform the psychiatric evaluation that was recommended in the psychological report. "DCPS has not denied a [FAPE] to the student because they have placed him in Rock Creek Academy where he has and is receiving educational benefits." (Complaint Exhibit 38, HOD)

The Supreme Court has held that in order to satisfy its duty to provide FAPE, a state must provide "personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction." Doe v. Alabama State Dep't of Educ., 915 F.2d 651, 654 (11th Cir. 1990), *citing* Hendrick Hudson Central School District Board of Education v. Rowley, 458 U.S. 176, 203, (1982)  Without evidence of an actual loss of educational opportunity there is no failure to provide a child with FAPE. See Doe v. Alabama Dep't of Educ. 915 F. 2d 651 (11th Cir. 1990); W.G. v. Board of Trustees of Target Range School District, 960 F 2d 1479, 1484 (9th Cir. 1992); Evans v. School District 17 of Douglas County, 841 F. 2d 824 (8th Cir. 1988); Tice v. Botetourt County School Board, 908 F. 2d 1200 (4th Cir. 1990); Alexis v. Board of Education for Baltimore County Public Schools, 286 F. Supp 2d 551, 558 (D. Md. 2003)

11

Here, J.W. relies on the fact that a psychiatric evaluation was ordered by the HOD to establish prevailing party status. (Complaint para. 3(ll), Exhibit 38, HOD)  However, even though the exam was not completed, there was no harm to J.W.  As the HO stated, failing to perform the exam was not a denial of FAPE because "the student has been and is currently attending Rock Creek Academy where he is receiving educational benefits." (Complaint Exhibit 38, HOD)

Further, the Plaintiff was not a prevailing party because the relief he secured was merely technical relief.  In Linda T. v. Rice Lake Area Sch. Dist., 337 F. Supp. 2d 1135 (D. Wis. 2004), aff'd, 417 F.3d 704 (7th Cir. 2005), *See also* Lillbask v. Conn. Dep't of Educ., 2006 U.S. Dist. LEXIS 24263, *5 (D. Conn. 2006), where, although the student's IEP was significantly revised, plaintiffs lost on the placement issue, which the court concluded was the most significant issue to them, and thus, their relief was "de minimis" and did not support an attorney's fee award.  In J.S. v. Lenape Regional High Sch. Dist. Bd. of Educ., 102 F. Supp. 2d 540 (D.N.J. 2000), the court refused to award attorney fees even though plaintiffs succeeded in obtaining their preferred placement.  The main issue for decision was whether the school district's transfer of a learning-disabled student from one school to another within the same district, where that transfer did not effect a substantive change in the child's Individual Education Plan (IEP), constituted a "change in educational placement".  The court held it did not.  Similarly, on the facts here, as to each Plaintiff, "something" was ordered.  However, the orders did not give rise to any substantive changes in the students' services.

In the instant case, in addition to not finding a violation of FAPE, any directives to DCPS at the administrative level were not remedies in response to a FAPE violation but

merely the hearing officer's way to assist both parties in resuming or improving the delivery of special education services.

## **CONCLUSION**

Since the Plaintiffs' entitlement to attorneys' fees in this case arises under the IDEIA, and because the complaint does not allege any of the elements necessary to establish liability under §1983 of the Civil Rights Act, the Court may not award Plaintiffs' attorneys fees under that statute, and any such claims must be dismissed. Moreover, to the extent that J.G. and J.W. are not prevailing parties under IDEIA, they have no entitlement to fees even under that statute. Accordingly, dismissal of these two claims is appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ROBERT J. SPAGNOLETTI<br>Attorney General for the<br>District of Columbia |
|  | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
|  | */s/ Edward P. Taptich*<br>EDWARD P. TAPTICH [#012914]<br>Chief, Equity Section II |
|  | */s/ Amy Caspari*<br>Amy Caspari [#488968]<br>Assistant Attorney General<br>441 Fourth Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 724-7794 |
| October 20, 2006 | email:  amy.caspari@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAMANTHA ROBINSON, for A.B., a minor, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>　　　　Defendants. | Civ. No. 06-1253 (RCL) |

## ORDER

Upon consideration of Defendants' Motion to Dismiss the Complaint, any responses thereto, and the record herein, it is

**ORDERED** that Defendant's Motion to Dismiss is GRANTED, it is

**FURTHER ORDERED**, that all claims in the complaint under 42 U.S.C. § 1983 are dismissed with prejudice; and it is

**FURTHER ORDERED**, that the claims of J.G. and J.W. are dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge