UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA ROBINSON,  )<br>parent and next friend of A.B., a minor  )<br>  )<br>  )<br>  Plaintiffs,  )<br>  )<br>  v.  )<br>  )<br>DISTRICT OF COLUMBIA  )<br>  Defendants.  )<br>  ) | Civil Action No. :06-1253(RCL) |

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S
MOTION TO DISMISS**

**COMES NOW**, the Plaintiffs, by and through their attorney, Tilman L. Gerald, and James E. Brown & Associates, PLLC, hereby oppose the Defendant's Motion to Dismiss filed herein against them by the Defendant for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Their Opposition to the Motion for Partial Dismissal filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
***Attorneys for the Plaintiffs***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA ROBINSON, )<br>parent and next friend of A.B., a minor )<br>)<br>) | Civil Action No. :06-1253(RCL) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, the Plaintiffs, by and through their attorneys Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Their Opposition of Defendant's Motion to Dismiss, represent unto this Honorable Court as follows:

**INTRODUCTION**

In accordance with the Individuals with Disabilities Improvement Act of 2004, 20 U.S.C §§1400-1461 (hereinafter IDEIA) and 42 U.S.C §§ 1983, et. seq. Plaintiffs are seeking reimbursement of reasonable attorneys' fees in the matters of J.G., J.H., and J.W. where each Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415.  In July 2006, the Plaintiffs submitted invoices to the Defendant for a total of forty (40) cases seeking reimbursement for reasonable attorneys fees in accordance with IDEA.  Since the commencement of this suit the Defendant has settled thirty-six (36) of the

2

forty (40) claims. 42 U.S.C. Section 1983 was implicated in this matter because the Defendant previously refused to reimburse the Plaintiffs for reasonable attorneys fees and because Plaintiffs have been reimbursed in a majority of the claims, they have abandoned the Section 1983 argument.

### A. STANDARD OF REVIEW

A Court will not grant a motion to dismiss for failure to state a claim in accordance with Federal Rules of Civil Procedure 12(b) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Johnson v. District of Columbia*, 190 F. Supp.2d 34, (D.C. 2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1987)). In this instant, the Court must deny the Defendant's motion to dismiss as the Plaintiffs have stated a claim upon which relief may be granted.

### B. PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

Plaintiffs were prevailing parties at the administrative level and are entitled to reimbursement for reasonable attorney fees and accordingly this Honorable Court has the authority to award the Plaintiffs in this matter attorneys' fees under the 20 U.S.C.§1415(i)(3)[1] of the IDEA. Under the IDEA, parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees. This statutory right to seek fees is a well settled principle in special education law. In *Moore v. District of Columbia*, 907 F.2d 165 (1990), the Court of Appeals for the District of Columbia, in

---

[1] 20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

3

interpreting the former controlling statues, the Education of the Handicapped Act ("EHA") and the Handicapped Children's Protection Act ("HCPA") allowed an independent cause of action for attorneys' fees, held that the courts may award attorney fees to a parent who prevailed in administrative matters. See *Moore v. District of Columbia*, 907 F.2d 165 (1990).

Thus, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." *See Kingsberry v. District of Columbia et al.*, 338 F.Supp.2d 2 (August 9, 2005) *quoting* 20 U.S.C. § 1415 (i)(3)(B). [S]ection 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court." *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004) (citations omitted). In order to qualify as a prevailing party[2], it is not necessary for parents to obtain all the relief that they initially sought. However, there must be an alteration in the legal relationship of the parties' that has been given some judicial *imprimatur …"* in order for a court to award attorneys' fees. *Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

---

[2] In *Select Milk*, Judge Edwards agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

### 1. J.G. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.

In the administrative due process complaint filed on behalf of J.G., the Plaintiff asserted, among other things, that the Defendant failed to comply with an August 15, 2005 HOD that required the Defendant within "fifteen school days of receipt of the Occupational Therapy Evaluation, DCPS shall convene a MDT meeting to review all evaluations, discuss and determine the best way to implement the assessments to rule out ADHD and revise the IEP as necessary." Prior to the ordered meeting and the filing of the November 2005 hearing request alleging the Defendant's failure to discuss the need for additional assessments to rule out J.G.'s ADHD, J.G. had been experiencing severe behavior problems. As relief the Plaintiff requested a psychiatric evaluation to rule out the presence of ADHD.

In the January 2006 HOD, the Hearing Officer noted that "the record reflects significant unanswered questions concerning J.G., which justify the performance of a Psychiatric Evaluation. Furthermore, the question of the appropriateness of the student's placement is questionable, as there is some evidence to support the parent's contention of the inappropriateness of the placement i.e. the statement of the regular education teacher." The Hearing Officer further determined that the Plaintiff was the prevailing party in that proceeding. *See Complaint Exhibit 13.*

In the instant matter, the Plaintiff sought to have a psychiatric evaluation performed and in this matter the Hearing Officer granted that request. The Plaintiff obtained success on significant issues after a hearing on the merits; "prevailing party" is thereby conferred upon Plaintiff.

## 2. J.W. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.

In the October 2005 administrative due process hearing request, the Plaintiff alleged that the Defendant denied the student access to FAPE when it failed to conduct and complete neuropsychological and psychiatric evaluations. By the time the hearing was held, the Defendant completed the neuropsychological evaluation and in the December 2005 HOD the hearing officer ordered the Defendant to perform a psychiatric evaluation. *See Complaint Exhibit 38*.

The Defendant has mistakenly argued that a denial of FAPE factors into whether or not a party obtains "prevailing party" status and further argues that the Plaintiff's relief sought was "de minimis" in nature. While the general rule is that the degree of success does not bear upon a parent's right to attorney fees, courts have come to recognize that there is a threshold level of success that must be achieved to attain prevailing party status. See *Angela L. v. Pasadena Independent School Dist.*, 918 F. 2d 1188, (5th Cir. 1990)(holding that the plaintiff need only cross a minimal threshold of achieving more than a mere technical or de minimis victory). However, in this matter "prevailing party" status is conferred upon the Plaintiffs because a material alteration in the legal relationship between the Plaintiffs and the Defendant occurred and the relief received was neither "de minimis nor technical" in nature. See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001); *Massachusetts Dept. of Public Health v. School Committee of Tewsbury*, 841 F. Supp. 449 (D. Mass. 1993).

## C. CONCLUSION

Based upon the foregoing, the Plaintiffs have amply demonstrated that they succeeded on the merits of their respective cases at the administrative level and thereby, are rightfully entitled to "prevailing party" status under applicable statutory and case law. Therefore, the Plaintiffs have properly and effectively stated a claim for which this Honorable Court can grant them the relief sought and deny the Defendant's Motion to Dismiss with prejudice. In addition, the Defendant failed to lodge an argument in the matter of J.H. and as result this Court should find that the Defendant has conceded to Plaintiff's "prevailing party" status in that matter. Thus, the Plaintiffs further request that this Honorable Court award Plaintiffs reasonable attorneys fees incurred in opposing the instant motion.

Respectfully submitted,

_____/s/_____
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, D.C. 20005
(202) 742-2000 (202) 742-2098 (fax)
***Attorneys for Plaintiffs***