UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMANTHA ROBINSON, for A.B., a minor, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: Civil Action No. 06-1253 (RCL)<br>:<br>:<br>:<br>: |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

The Defendants, by counsel, reply herewith to the "Plaintiffs' Opposition to Defendants' Motion to Dismiss the Complaint," filed November 3, 2006 ("Opposition").

### PRELIMINARY STATEMENT

In their October 20, 2006, Motion to Dismiss ("Motion"), the Defendants argued that the claims of Plaintiffs J.G. and J.W. should be dismissed because they were not prevailing parties entitled to attorney fees as provided for under the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"), since as to both Plaintiffs, the hearing officer found that the District of Columbia Public Schools ("DCPS") did not deny the student a Free Appropriate Public Education ("FAPE"), *and because* any relief ordered by the hearing officer was merely a pre-existing duty of DCPS and could not be said to generate a meaningful alteration of the parties' legal relationship. In their Motion, Defendants' also noted that as to all the remaining plaintiffs, they did not sufficiently plead a § 1983 claim and therefore, those claims should also be dismissed.

In their Opposition to the Motion, Plaintiffs argue that FAPE should not be a factor in determining whether a party should enjoy prevailing party status. Opposition p. 6 Further, they allege that J.G. and J.W. were prevailing parties because they achieved more than "de minimis" relief, and the parties' legal relationship was materially altered. Opposition pp. 5-6

For the reasons set forth below, the Plaintiffs' opposition to Defendants' arguments are without merit.

## ARGUMENT

### I.    Plaintiffs abandoned their § 1983 Claim.

In their Complaint, Plaintiffs asserted that the claims for attorney fees were brought pursuant to 42 U.S.C. § 1983 to enforce Plaintiffs' statutory rights under the IDEIA. Complaint para. 20. Defendants noted in their Motion that all the remaining Plaintiffs failed to sufficiently plead their §1983 claims and those claims should be dismissed in their entirety. In their Opposition, Plaintiffs assert that they have "abandoned" their § 1983 claims as to all the Plaintiffs because Plaintiffs have been reimbursed for a majority of the claims brought in the Complaint.[1] Therefore, Plaintiffs' § 1983 claims should be dismissed.

---

[1] Originally in this action, on July 12, 2006, forty (40) named plaintiffs filed a Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the IDEIA. By praecipe filed October 05, 2006, the Plaintiffs voluntarily dismissed or withdrew all of the Plaintiffs' claims except those of J.G., J.H. and J.W.

**II.     Plaintiffs J.G. and J.W. are not prevailing parties entitled to attorney fees.**

    **A.     A finding of a denial of FAPE does factor into whether prevailing party status is conferred.**

With respect to both J.G. and J.W., their exhibits show they are not entitled to attorney fees because they failed to prove a threshold violation of a federal right to FAPE at the administrative level and any administrative relief provided by the hearing officer was not a remedy for a FAPE violation and clearly left the merits of the Plaintiffs' claims undecided.  As to J.G., the hearing officer unequivocally stated, "DCPS has sustained its burden of proof on the issue of whether DCPS failed to comply with the HOD. . . DCPS has provided a free appropriate public education  . . . ."  As to J.W., the hearing officer stated "DCPS has not denied a [FAPE] to the student because they have placed him in Rock Creek Academy where he has and is receiving educational benefits." (Complaint Exhibits 13 and 38, HODs)

In their Opposition, Plaintiffs allege that these hearing officers' findings should not be factored into whether or not a party obtains prevailing party status. "The Defendant mistakenly argued that a denial of FAPE factors into whether or not a party obtains "prevailing party" status. . . ." Opposition p. 6

Here, Plaintiffs seem to be arguing that this Court should ignore the key purpose of the IDEIA--whether or not a school denied a student free appropriate public education -- when considering a party's prevailing party status.  Clearly, Plaintiffs have failed to consider that the central entitlement to FAPE is the fundamental touchstone for all of the specific rights conveyed by the IDEIA. E.g., Park v. Anaheim Union High Sch. Dist., 2006 U.S. App. LEXIS 24638, *25 (9th Cir. 2006)

3

("At the heart of the Act are the requirements that all disabled children receive a free appropriate public education"). Where a FAPE is denied, the statute provides Plaintiffs the right to seek relief. 20 U.S.C. § 1415(f) – (i). If a denial of FAPE is found to have occurred, parents and children are entitled to "such relief as the court determines is appropriate," 20 U.S.C. § 1415(i)(2)(B)(iii).

As in the cases of J.G. and J.W., the contrary is also clear: where a hearing officer does *not* find that a student has been denied a FAPE, or affirmatively finds that a student has *not* been denied a FAPE, the student/parent/plaintiff cannot be found to be a prevailing party.

### B. De minimis relief ordered in an HOD does not materially change the legal relationship of the parties.

In their Motion, Defendants also showed that in addition to no denial of FAPE, there was also no material alteration of the parties' legal relationship because the action(s) ultimately taken by the hearing officers were "de minimis," and do not provide a basis for an award of attorneys' fees. The court in Park v. Anaheim Union High Sch. Dist., *supra,* stated that:

> [W]e have held that if success is insignificant, then a court may find that a party that succeeds on some claims is nonetheless not a prevailing party. Specifically, attorney's fees may be properly denied "[w]here the plaintiff's success on a legal claim can be characterized as purely technical or de minimis." Kletzelman, 91 F.3d at 71 (internal quotation marks omitted).

Id. at 23-24

As to both J.G. and J.W., both of their respective hearing officers ordered DCPS to perform psychiatric evaluations. Plaintiffs allege that based on these orders, that prevailing

4

party status was conferred because as to J.G., the Plaintiff "obtained success on significant issues after a hearing on the merits,"[2] and as to J.W., these orders materially changed the legal relationship of the parties. Opposition pp. 5-6.  However, these orders do not confer prevailing party status upon the Plaintiffs' because the relief ordered was 1) de minimis, and 2) did not *materially* change the legal relationship of the parties.

In J.K.v. Fayette County Bd. of Educ., 2006 U.S. Dist. LEXIS 56792, *10-11 (D. Ky. 2006), in denying attorney fees, the court held that the student had not prevailed on any significant issue in litigation.  Further, the court order did not bring about a material alteration of the parties' legal relationship --a *quid pro quo* for prevailing party status -- *when it in fact it ordered some relief* (emphasis added):

> Although this court directed the LEA to conduct an [MDT] meeting as soon as practicable and develop a proper IEP for J.K, it does not follow that these requirements created any change in the parties' legal positions. As the LEA correctly points out, this affirmation of the LHO's opinion did not direct the LEA to take any affirmative action that it had not already taken or planned to take in the future. Indeed, the ruling did not even create any obligations on the part of the LEA that were not already demanded of it. Pursuant to federal law, an LEA is required to establish an IEP for a disabled child and update, develop, and adjust the IEP as needed. See 34 C.F.R. §§ 300.340-300.347. An order requiring a government agency to perform a pre-existing duty cannot be said to generate a meaningful alteration of the parties' legal relationship.

Id. at 11.

As to J.G., the hearing officer found that the hearing request arose out of a disagreement of the parties as to the appropriate special education services due and owing to J.G. and not from any intentional or negligent actions by DCPS. (Complaint, Exhibit 13, HOD) The hearing officer found that DCPS did not convene a psychiatric evaluation when

---

[2] First, with respect to J.G., the Plaintiffs erroneously assert in their Opposition p. 5 that the hearing officer determined that the Plaintiff was a prevailing party in that proceeding. This is not true.  The hearing officer did not determine a prevailing party in this  matter. Complaint, Exhibit 13, HOD

5

*the battery of evaluations performed did not warrant further evaluations,* but DCPS did however, increase J.G.'s counseling services and implemented a behavioral intervention plan. Complaint, Exhibit 13, HOD.  Thus, the relief ordered here was de minimis because instead of ordering, among other things, private placement, reimbursement and three years of private tutoring that the Plaintiffs were originally seeking, the hearing officer found that DCPS did not deny J.G. a FAPE, and simply ordered a psychiatric evaluation *to look into the various unanswered questions in this case*. Id.

As to J.W., while the hearing officer ordered a psychiatric evaluation to be conducted by DCPS, the hearing officer found that DCPS did not deny J.W. a FAPE, because "DCPS agreed to perform a psychiatric evaluation" (but had not performed it yet). And since DCPS placed J.W. at the Rock Creek Academy (a private full time special educational placement), "where he has and is receiving an educational benefit," J.W.'s services were appropriate.  Complaint, Exhibit 38, HOD.  While Plaintiffs allege that because the hearing officer ordered a psychiatric evaluation that some material alteration in the legal relationship took place, the hearing officer directed DCPS to perform the evaluation because they had already agreed to it.  Thus, there was no *material alteration* in the legal relationships of the parties, particularly given the hearing officer's findings that there was no denial of FAPE by DCPS.

In their Opposition, Plaintiffs themselves acknowledge that in order to be a prevailing party, the alteration in the legal relationship must be "material." Opposition pp. 4, 6.  In neither the case of J.G. nor that of J.W. was there such a material change in the relationship of the parties' legal relationship.

6

## CONCLUSION

For the reasons set forth herein and in the Defendants' Motion, it is respectfully requested that the complaint herein be dismissed in its entirety as to the Plaintiffs' §1983 claims. It is further requested that the claims of J.G. and J.W. be dismissed in their entirety because DCPS did not deny a FAPE to either Plaintiff and, therefore, neither Plaintiff is a prevailing party entitled to attorneys' fees under the IDEIA.

                    Respectfully submitted,

                    EUGENE A. ADAMS
                    Interim Attorney General
                    for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    ***/s/ Edward P. Taptich***
                    EDWARD P. TAPTICH [#012914]
                    Chief, Equity Section II

                    ***/s/ Amy Caspari***
                    Amy Caspari [#488968]
                    Assistant Attorney General
                    441 Fourth Street, N.W.
                    Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-7794
November 9, 2006           email:  amy.caspari@dc.gov