UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIA ABARCA, for <br> C.A., a minor, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 06-1254 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM & ORDER**

Four minors, A.B., D.E., A.W. and J.H. seek compensation for fees associated with administrative hearings conducted in regards to their disability status under the Individuals with Disabilities Education Improvement Act (IDEIA) and 42 U.S.C. §1983. Defendants have filed a 12(b)(6) motion to dismiss all claims of plaintiffs A.B. and D.E. and the § 1983 claims of all remaining plaintiffs under Federal Rule 12(b)(6) for failure to state a claim. For reasons articulated herein, the defendants' motion is GRANTED.

**I. Statutory Background**

In 2005, Congress passed the Individuals with Disabilities Education Improvement Act in order to make certain that children with learning disabilities are able to fully utilize the public educational system. Specifically, the Act is meant to ensure that, "all children with disabilities have available to them a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). If a child is found

to have special needs, the Act requires that the child be enrolled in a special education program at public expense. 20 U.S.C. § 1401(9)(A). In order to determine the specifics of the child's special education and whether special education is even necessary, the child must undergo a full evaluation. This evaluation is used to develop the child's "individualized education program" (IEP). 20 U.S.C. § 1414(d). If the parents of the child are dissatisfied with the results of the evaluation, e.g. the child was not found to have a disability; he or she may challenge the evaluation findings in an administrative hearing. 20 U.S.C. § 1415(b)(6). If the parent prevails at such hearing, he or she may recover reasonable attorney's fees under the IDEIA. 20 U.S.C. § 1415(i)(3)(B). Further, even though the Hearing Officer only provides administrative rather than judicial relief, parents may still obtain attorney's fees associated with obtaining a favorable administrative order. "It is well-established in this Circuit that section 1415(i)(3)(B) also authorizes a parent who prevails in an IDEA administrative hearing to recover attorney's fees by filing suit for the fees in federal court. *Kaseman v. District of Columbia*, 329 F.Supp.2d 20, 23 (D.D.C. 2004). *See also*, *Moore v. Dist. of Columbia*, 907 F.2d 165, 176 (D.C.Cir.1990); *Holbrook v. Dist. of Columbia,* 305 F.Supp.2d 41, 44 (D.D.C.2004).

## II. Procedural Background

On July 12, 2006, this case was filed with the court citing 60 named plaintiffs asserting that they were "prevailing parties" entitled to attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). On October 5, 2006, plaintiffs voluntarily dismissed all of plaintiffs' claims except those of A.B., D.E., T.F., J.H., and A.W. On November 9, 2006, plaintiffs voluntarily withdrew the claims of T.F. Plaintiffs D.E., A.B., A.W., and J.H. remain in the action. Defendants now challenge the IDEIA claims of D.E. and A.B., and the § 1983 claims of all

remaining plaintiffs. Defendants have not filed an answer or otherwise responded with respect to the IDEIA claims of A.W. and J.H. Plaintiffs have taken no further action to prosecute the claims of A.W. and J.H.

### III. Factual Background

A.B. and D.E. are both students in the District of Columbia Public School's Special Education Program. Compl. at 17, 27. On October 14, 2005, plaintiff A.B. sought a hearing order compelling DCPS to provide several special services on account of A.B.'s supposed denial of a FAPE. Specifically, plaintiff asked the HO to order DCPS to place and fund the student in a private special education program for students classified with Other Health Impaired and mental retardation, draft an IEP indicating the student's identified special education disability classifications, and provide the student with compensatory one-on-one tutoring. Compl. at 17-18. On February 21, 2006 the Hearing Officer ordered an exit evaluation on A.B.'s OHI/mental retardation classification, an evaluation within 15 days to determine if the child should still be classified as OHI disabled, a MDT/IEP meeting to review all current evaluations, and a review and revision of the child's IEP to determine if the child's multiple classification was still appropriate. Compl. at 18.

D.E. filed a hearing request on October 4. 2005 to compel DCPS to perform a full evaluation of the student (including an audiological assessment), to hold an IEP meeting to review all findings, to conduct a review and revision of the IEP to include speech/language services, to remove the student from an open-spaced school, and to provide compensatory one-on-one tutoring. Compl. at 28. Before the hearing, DCPS and D.E. entered into a settlement agreement in which DCPS agreed to convene a MDT/IEP meeting within 30 days of the hearing,

conduct a review and revision of the child's IEP and discuss and determine future placement. The Hearing Officer entered this settlement agreement into the record. *Id*. The complaint does not allege that the Hearing Officer made a determination that the student was denied access to a free appropriate public education. *Id*.

## IV. Legal Standards

Defendants have moved for dismissal for failure to state a claim pursuant to Federal Rule 12(b)(6). Rule 8(a)(2) requires only, "a short and plain statement of the claim showing that the pleader is entitled to relief." While this is a fairly lenient standard, the Supreme Court held, "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level…" *Bell Atlantic, Corp., v. Twombly*, No. 05-1126, slip op. at 8 (May 21, 2007).

The court may use its discretion to award reasonable attorney's fees to parties who prevail in an action brought under the IDEIA. 20 U.S.C. § 1415(i)(3)(R)(I). To obtain "prevailing party" status, the plaintiff must show first that there was a court-ordered change in the legal relationship between the plaintiff and the defendant; second, that the judgment was rendered in the claimant's favor; and third, that the claimant was not a prevailing party merely by virtue of having acquired a judicial pronouncement rather than judicial relief. *Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. Of Health & Human Res.*, 532 U.S. 598, (2001).[1] Further, there must

---

[1] The *Buckhannon* standards apply to administrative hearings under the IDEIA even though the relief granted is administrative rather than judicial. *See*, *Armstrong v. Vance*, 328 F.Supp.2d 50, 56 (D.D.C. 2004)(rejecting "catalyst theory" and adopting the *Buckhannon* test to determine "prevailing parties" under the IDEIA). Any reference to "court ordered" relief in this document should be understood as "hearing officer-ordered" relief, as the proceedings are

be an "alteration in the legal relationship of the parties" that has been given some judicial *imprimatur* in order to qualify as a "prevailing party" under fee-shifting statutes. *Armstrong v. Vance,* 328 F.Supp.2d 50, 57 (D.D.C. 2004) (quoting *Buckhannon Bd. & Care Home, Inc. v. W.V. Dept. Of Health & Human Res.*, 532 U.S. 598, (2001)). This approach has been endorsed by other courts despite the silence of a definition of "prevailing party" in the IDEIA. *See e.g, T.S. ex rel. Skrine v. D.C.*, 2007 WL 915227 (D.D.C., 2007); *Abraham v. D.C.*, 338 F.Supp.2d 113 (D.D.C. 2004),

## V. Analysis

The factual allegations stated in the plaintiff's complaint do not amount to a claim upon which the court can grant relief. While the plaintiffs do not need to obtain judicial relief in a court of law to recover attorney's fees under the IDEIA, they still need to prove that they were the prevailing parties in an administrative hearing. *See*, *Abraham v. D.C.*, 338 F.Supp.2d 113 (D.D.C. 2004). In the hearings of both A.B. and D.E., the Hearing Officer did not find a denial of a free appropriate public education, and the relief that was granted to them was at most, "de minimis." This combination of factors make the complaint particularly speculative, to the point where the plaintiffs could not prevail even if the court assumed all facts alleged were true.

First, the Hearing Officer did not find that the children were denied access to a free appropriate public education. If the HO did make such a finding, plaintiffs would be allowed reasonable relief as this constitutes a direct violation of the statute. *See*, 20 U.S.C. § 1415(i)(2)(B)(iii). If the HO does not find a denial of a FAPE, this does not necessarily mean

---

administrative in nature, not judicial.

that the plaintiffs cannot seek attorney's fees, but recovery is limited. In *T.S. ex rel. Skrine v. District of Columbia*, 2007 WL 915227 (D.D.C. 2007), the court found that plaintiffs had prevailed at the administrative level despite no denial of a FAPE because they had obtained all relief requested, even though such relief was only DCPS's funding of an independent evaluation and the holding of a new IEP meeting. Thus, whether the plaintiff can be termed a "prevailing party" depends more on whether he has obtained his primary objective in seeking an administrative hearing.

Secondly, not only did the HO not find a denial of a FAPE, but plaintiffs also did not obtain a significant portion of the relief they requested from the administrative hearing. This distinguishes plaintiffs' case from the facts in *Skrine*. The primary objective of A.B. was to compel DCPS to provide special educational services such as compensatory tutoring and a special education program funded by DCPS for the student. Compl. at 17-18. The HO granted no such relief. The most the HO granted was A.B.'s request for an exit evaluation. Compl. at 18. Even though this could constitute some sort of HO-ordered relief, it is not enough to establish prevailing party status. In *J.K. v. Fayette Cty. Bd. Of Educ.*, the court found that even though the plaintiff obtained some relief in an administrative hearing, it was not enough to constitute a material alteration of the parties' legal relationship. 2006 U.S. Dist. LEXIS 56792, 10-11 (D. Ky. 2006) (order to conduct a MDT meeting to develop a proper IEP does not change the parties' legal positions).

D.E. also did not obtain his primary objective in seeking the administrative hearing. D.E. sought a full evaluation to justify a revision in the child's IEP to include more services. D.E. also requested compensatory one-on-one tutoring, and placement in a new school. Complaint at 28.

The parties settled and agreed to review the evaluations and discuss a possible new placement. The HO entered this settlement into the record. These facts do not support a claim for attorney's fees. An evaluation of the child's needs does not amount to an alteration in the court ordered change in the parties' legal status because these evaluations are a pre-existing duty of DCPS. Thus, the hearings officer never made any determination as to whether the child was under the correct classification; the HO merely recorded the parties' agreement to conduct further investigations, and endorsed a task that DCPS had already consented to perform.

Furthermore, in the case of D.E., the fact that the HO did not issue an order is particularly compelling. Plaintiffs cite *Select Milk Producers, Inc. v. Johanns,* 400 F.3d 939 (D.C. Cir. 2005) as authority in claiming that a settlement can be a basis for an award for attorney's fees. However, it can be a basis only when the court is acting to enforce a settlement agreement, not when the hearings officer simply notes the fact that the parties have entered into a settlement. Plaintiffs also cite *A.R., et al v. New York City Dep't of Educ.*, 407 F.3d 65, 43 (2nd Cir. 2005), but this reliance is misplaced. In that case, the court found that when the HO makes the terms of a settlement part of its order, this constitutes an administrative decree and not just an administrative proceeding. The HO did not adopt the terms of the settlement into an order in this case; the officer simply entered the settlement into the record, therefore not deciding the case on its merits.

## VI. The § 1983 Claim

Plaintiffs originally claimed the court should award attorney's fees pursuant to 42 U.S.C. § 1983, to enforce their rights under the IDEIA. All plaintiffs have since abandoned this claim in

their opposition to defendant's motion to dismiss. Opp'n at 3. Defendants' 12(b)(6) motion is GRANTED with respect to the § 1983 claims of A.B., D.E., A.W., and J.H. Thus, the § 1983 claims of all remaining plaintiffs are dismissed.

### VII. Conclusion

On the face of plaintiffs' complaint, the facts alleged do not constitute a claim for attorneys' fees under the IDEIA. Plaintiffs A.B. and D.E. have not asserted that they were the prevailing parties in their respective administrative hearings because the relief they were granted did not constitute a change in the parties' legal status. DCPS was only ordered to comply with its pre-existing duties, and in the case of D.E., DCPS had already agreed to fulfill these duties within 30 days of the hearing. Compl. at 28.

For the foregoing reasons, defendants' Motion is GRANTED as to all claims regarding A.B. and D.E., and

Defendants' motion to dismiss the § 1983 claims of all remaining plaintiffs is GRANTED.

Defendants have not filed an answer or a response regarding the IDEIA claims of plaintiffs A.W. and J.H. which was due on November 3, 2006. Plaintiffs have also not filed a request for default judgment. Plaintiffs must show cause within 10 days as to why the remaining claims should not be dismissed for failure to prosecute.

SO ORDERED.
Signed by United States District Judge Royce C. Lamberth, June 19, 2007.