# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **SAMANTHA ROBINSON,** ) | |
| **parent and next friend of A.B., a minor** ) | |
| ) | |
| ) | **Civil Action No. :06-1253(RCL)** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DISTRICT OF COLUMBIA** ) | |
| **Defendants.** ) | |

---

### PLAINTIFFS' REPLY TO THE JUNE 22, 2007 PRAECIPE

**COMES NOW**, the Plaintiffs, by and through their attorney, Roxanne D. Neloms,

of James E. Brown & Associates, PLLC, hereby oppose the Defendant's June 22, 2007

Praecipe filed herein against them by the Defendant for the reasons that are more specifically

set forth in the Memorandum of Points and Authorities Submitted in Support of Their Reply

filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

_____
/s/
_____
Roxanne D. Neloms [478157]
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
***Attorney for the Plaintiffs***

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **SAMANTHA ROBINSON,** | ) |
| **parent and next friend of A.B., a minor** | ) |
| | ) |
| | ) **Civil Action No. :06-1253(RCL)** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| **Defendants.** | ) |

_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS REPLY TO THE**
**DEFENDANT'S JUNE 22, 2007 PRAECIPE**

      **COMES NOW**, the Plaintiffs, by and through their attorney  Roxanne D. Neloms, of James E. Brown & Associates, PLLC, in their Memorandum of Points and Authorities Submitted in Support of Its Reply to the Defendant's June 22, 2007 Praecipe, represent unto this Honorable Court as follows:

**INTRODUCTION**

      As noted in its original memorandum in support of it opposition to the Defendant's Motion to Dismiss, Plaintiffs sought reimbursement of reasonable attorneys' fees in the matters of J.G., J.H., and J.W., arguing that each Plaintiff secured some or all the relief sought to establish "prevailing party"status pursuant to 20 U.S.C. 1415.  In addition, Plaintiffs ***abandoned its 42 U.S.C. Section 1983***, as well.

2

### A.  PLAINTIFFS ARE PREVAILING PARTIES AND ARE ENTITLED TO REIMBURSEMENT FOR REASONABLE ATTORNEY FEES.

In support of its second motion to dismiss, the Defendant's rely on *Abarca, et al, v. District of Columbia, et al*, Civil Action No 06-1254 (June 19, 2007) to argue that the Plaintiff's are not "prevailing parties" for purposes of reimbursement under the Individuals with Disabilities Education Improvement Act. See 20 U.S.C.§1415(i)(3)[1].  It is well settled that parents who prevail at the administrative level in securing special education rights for their children are entitled to seek reimbursement for attorneys' fees.  See *Moore v. District of Columbia*, 907 F.2d 165 (1990).  The determination of whether a party prevailed is determined pursuant to the a three prong test enunciated by Judge Edwards in *Select Milk*: which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; and 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief."  See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).  Likewise, it is not necessary for parents to obtain all the relief that they initially sought, as noted, all that is necessary is an ***alteration in the legal relationship*** of the parties' that has been given some judicial *imprimatur* ⋯ in order for a court to award attorneys' fees.

---

[1]

20 U.S.C. §1415(i)(3)(B) of the Individuals with Disabilities Act provides "[i]n an action or proceeding brought under this section [1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is a prevailing party."

*Armstrong v. Vance*, 328 F.Supp.2d 50, 57 (D.D.C.2004) (quoting *Buckhannon Bd. And Care Home, Inc. V. West Virginia Dept's of Health and Human Res*., 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

In furtherance of its position, it is clear that the Defendant is relying on *Abarca, et al, v. District of Columbia, et al*, Civil Action No 06-1254 (June 19, 2007) to argue that a determination of a denial of FAPE factors into whether party "prevails". This is not so, as noted by the Court in *Santamaria v. District of Columbia:*,

> "[t]he touchstone of the prevailing party inquiry must be the ***material alteration*** of the legal relationship of the parties in a manner which Congress sought to promote in the fee statue." (Quoting Tex. State Teachers Assoc., 489 U.S. at 792-93). Moreover, the Supreme Court has explicitly rejected use of the 'central issue' test–which requires the plaintiff to obtain primary relief sought in the litigation–for determining prevailing party status. *Id. at 790*. (holding that the central issue test was 'direclty contrary' to prior Supreme Court precedent). Requiring that a plaintiff suing under [IDEIA] achieve a finding that a FAPE had been denied would result in the resurrection of the 'central issue' test that the Supreme Court rejected.

See *Santamaria v. District of Columbia*, Civil Action, 06-577 (RWR) (February 7, 2007). In each of the remaining matters presently before the Court, the hearing officer did not find that a denial of FAPE existed; however he ordered that the Defendant undertake an action that it had failed to do. Such a forced undertaking equates to a "material alteration" in the legal relationship of the parties. In addition, none of the relief obtained by the parties can be determined to be *de minimus or technical* in nature. See *Angela L. v. Pasadena Independent School Dist*., 918 F. 2d 1188, (5th Cir. 1990)(holding that the plaintiff need only cross a minimal threshold of achieving more than a mere technical or de minimis victory); see also *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005); see also

*Buckhannon Board & Care Home, Inc.  v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001); *Massachusetts Dept. of Public Health v. School Committee of Tewsbury*, 841 F. Supp. 449 (D. Mass. 1993).

### 1.  J.G. is a prevailing party and is entitled to attorneys fees in accordance with the IDEA.

In the administrative due process complaint filed on behalf of J.G., the Plaintiff asserted that the Defendant failed to comply with an August 15, 2005 HOD, that among other things,  ordered the Defendant to "convene a  MDT meeting to review all evaluations, discuss and determine the best way to implement the assessments to rule out ADHD and revise the IEP as necessary." At the meeting convened on behalf of J.G., the Defendant failed to determine what assessments were necessary to rule out ADHD.  As a result of that failure, the parent sought a psychiatric evaluation to rule out the presence of ADHD.  In the January 2006 HOD, the Hearing Officer noted that "the record reflects significant unanswered questions concerning J.G., which justify the performance of a Psychiatric Evaluation. Furthermore, the question of the appropriateness of the student's placement is questionable, as there is some evidence to support the parent's contention of the inappropriateness of the placement i.e. the statement of the regular education teacher." The Hearing Officer further determined that the Plaintiff was the prevailing party in that proceeding.  ***See Complaint Exhibit 13.***

In the instant matter, the Plaintiff sought to have a psychiatric evaluation performed and in this matter the Hearing Officer granted that request.  The Plaintiff obtained success on significant issues after a hearing on the merits;   "prevailing party" is thereby conferred

upon Plaintiff.

## 2.  J.W. is a prevailing party and is entitled
## to attorneys fees in accordance with the IDEA.

In the October 2005 administrative due process hearing request, the Plaintiff alleged that the Defendant denied the student access to FAPE when it failed to conduct and complete neuropsychological and psychiatric evaluations. By the time the hearing was held, the Defendant completed the neuropsychological evaluation. *See Complaint Exhibit 38*.  As relief, the parent sought both neuropsychological and psychiatric evaluations.  Since the Defendant completed the neuropsychological prior to a determination on the merits, the only issue presented to hearing officer was the Defendant's failure to complete the psychiatric. In the December 2005 Hearing Officer's Determination, the hearing officer ordered that the completion of a psychiatric evaluation.  A material alteration occurred in the legal relationship of the parties as the Defendant was ordered to undertake a task of which it was legally obligated to completed.

## B. CONCLUSION

Based upon the foregoing, the Plaintiffs have amply demonstrated that they succeeded on the merits of their respective cases at the administrative level and thereby, are rightfully entitled to "prevailing party" status under applicable statutory and case law.   In addition, the Defendant failed to lodge an argument in the matter of J.H. and as result this Court should find that the Defendant has conceded to Plaintiff's "prevailing party" status in that matter. Thus, the Plaintiffs further request that this Honorable Court award Plaintiffs reasonable attorneys fees incurred in opposing the instant motion.

Respectfully submitted,


_____/s/_____
Roxanne D. Neloms [478157]
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 Facsimile
***Attorney for the Plaintiffs***